Gary G. Colbath
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
425 G Street, Suite 800
Anchorage, Alaska 99501
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: gary_colbath@fd.org

Counsel for Defendant Matthew Wilson Moi

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>MATTHEW WILSON MOI,<br><br>                Defendant. | Case No. 3:19-cr-00112-TMB-MMS-2<br><br>**DEFENDANT MATTHEW MOI'S MOTION TO COMPEL DISCOVERY** |

Defendant Matthew Wilson Moi, through counsel, Gary G. Colbath, Assistant Federal Defender, moves this Court to compel the government, by further order of this Court, to provide discovery and expert witness materials as follows:

## I.    INTRODUCTION

Multiple attempts to gain access to information necessary for the adequate and constitutionally guaranteed competent defense of Mr. Moi have largely been fruitless absent Court intervention. The most recent attempt to amicably resolve discovery issues was an email on August 2, 2021, sent to opposing counsel which respectfully requested several key pieces of evidence not currently discovered to the Defense. Much to the disappointment of the Defense this email was met with silence. Such dilatory and obstructionist behavior occurs without regard to the duties imposed on the investigative

and prosecutorial agency charged with bringing justice to not only the public, but to the accused.

This Motion seeks an Order compelling the Government to produce the requested documents and information in an expeditious manner so that an appropriate timeline may be established for moving this case to trial. In light of the numerous key items of discovery that almost certainly exist but have not been provided to the Defense, the current November trial date set in this matter will likely be impossible to keep. This request is made pursuant to Federal Rule of Criminal Procedure 5 and 16, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), the Jencks Act, and Local Criminal Rule 16.1.

Clearly, in a murder case with DNA, ballistic and other forensic evidence, there needs to be some way to determine who the prime suspect should be, and whether any other potential suspects can be ruled out by the absence of such evidence tying them to the crime. Yet there has been no discernable testing of the following items aside from two pieces of evidence for the presence of fingerprints. This is not due diligence. The items listed for production in this Motion are specific key pieces of evidence that need to be assessed prior to trial to determined what strategy, what experts, and what motions need to be filed prior to trial. The omnibus request sent previously in the August 2, 2021, email is included here as a separate exhibit to highlight the need for complete discovery and illustrate the glaring lack of information currently discovered to the Defense.

## II. REQUESTED INFORMATION

The subsequent list is non-exhaustive but highlights the gross dereliction in the Government's duty to prosecute a case in accordance with Mr. Moi's right to a speedy trial and in contravention to his right to have adequate time to prepare in his own defense. Of the Bates documents, numbered 00001–41793, provided and reviewed thus far, it appears that only a handful of items have been tested for forensic evidence and returned with a result in this case in the two years since the investigation began. Those are:

1. The "Sales Receipt" listed as Evidence No. 1184838, which can be located at Bates 17484-17486. This item was requested to be tested on April 11, 2019, and returned a finding of no discernable ridge detail on April 16, 2019; and

2. The "Light Bulb" listed as Evidence No. 1184840, which can be located at Bates 17484-17486. This item was requested to be tested for latent fingerprints on April 11, 2019, and returned a finding of no discernable ridge detail on April 16, 2019.

The following specifically identified pieces of evidence set forth below, from the Defense's perspective, have not been tested, or have been tested but the reports and results have not been provided in discovery. Moreover, in this multi-defendant, multi-count, drug, money laundering, murder case with 40,000 plus pages of discovery involving substantial cell phone, forensic and financial records, the government has not provided a single expert witness notice, report or CV to the Defense. Trial is less than two months away. The

Defense requests the Court to order all materials, reports, notes, etc. associated with the specific evidentiary items be produced to the Defense:

1. <u>Bullet core and jacket</u>–Evidence No. 1183634. Bates 40544.[1]

2. <u>Known blood for DNA swab from the deceased</u>–Evidence No. 1183635. Bates 40544.

3. <u>Knife found in body bag during autopsy</u>–Evidence No. 1183636. Bates 40544.

4. <u>SW19-1423 CC1 paperwork</u>–Evidence No. 1184045. Bates 40581.

5. <u>Red and grey jacket from deceased</u>–Evidence No. 1184672. Bates 40545.

6. <u>Black t-shirt</u>–Evidence No. 1184681. Bates 40545.

7. <u>Sweatshirt</u>–Evidence No. 1184682. Bates 40545.

8. <u>Grey sweatpants</u>–Evidence No. 1184684. Bates 40545.

9. <u>Candy stick from floorboard</u>–Evidence No. 1184839. Mentioned in APD Evidence sheet, Bates 17487.

10. <u>Bullet fragment</u>–Evidence No. 1184841. Bates 40597.

11. <u>Bullet Fragment</u>–Evidence No. 1184842. Bates 40597.

12. <u>10mm shell casing</u>–Evidence No. 1184843. Bates 40598.

13. <u>10mm shell casing</u>–Evidence No. 1184844. Bates 40598.

14. <u>10mm shell casing</u>–Evidence No. 1184845. Bates 40598.

---

[1] The autopsy report from Ofc. Strahle (Bates 40555) notes in the Summary Narrative section that "Crime scene property forms, finished diagram and rough sketch, SW1099 return and APD lab requests were attached as e-files." No e-files with the requests for testing has been submitted to the Defense or otherwise been discovered as of the filing of this Motion and are incorporated herein as a demand for production.

15. Swab of red stain–Evidence No. 1184846. Bates 40598.

16. Swab of red stain–Evidence No. 1184847. Bates 40598.

17. Swab of red stain–Evidence No. 1184848. Bates 40599.

18. Swab of red stain–Evidence No. 1184849. Bates 40599.

19. Swab of red stain–Evidence No. 1184850. Bates 40599.

20. Red fiber–Evidence No. 1184851. Bates 40599.

21. Red fiber–Evidence No. 1184852. Bates 40599.

22. Red fiber–Evidence No. 1184853. Bates 40600.

23. Fiber–Evidence No. 1184858. Bates 40600.

24. Swab of red stain–Evidence No. 1184859. Bates 40600.

25. Hair–Evidence No. 1184860. Bates 40600.

26. Swab of turn signal and washer handle–Evidence No. 1184861. Bates 40600.

27. Swab of gear shift–Evidence No. 1184862. Bates 40601.

28. Swab of steering wheel–Evidence No. 1184863. Bates 40601.

29. Swab of front passenger door handle interior–Evidence No. 1184864. Bates 40601.

30. Swab of front passenger door handle exterior–Evidence No. 1184865. Bates 40601.

31. Swab of rear passenger door handle interior–Evidence No. 1184866. Bates 40601.

32. Swab of rear passenger door exterior–Evidence No. 1184867. Bates 40602.

33. Swab of left rear passenger door handle interior–Evidence No. 1184868. Bates 40602.

34. Swab of left rear passenger door handle exterior–Evidence No. 1184869. Bates 40602.

35. Swab of driver door handle interior–Evidence No. 1184870. Bates 40602.

36. Swab of driver door handle exterior–Evidence No. 1184871. Bates 40602.

37. Swab of driver seat headrest–Evidence No. 1184872. Bates 40603.

38. Bullet in clothing near right hip–Evidence No. 1185800. Bates 40545.

39. Known head hair–Evidence No. 1185801. Bates 40546.

40. Fingernail clippings–Evidence No. 1185802. Bates 40546.

41. Socks–Evidence No. 1185803. Bates 40546.

42. Black tennis shoes–Evidence No. 1185804. Bates 40546.

43. Knit hat–Evidence No. 1185806. Bates 40546.

44. Keys from pocket–Evidence No. 1185809. Bates 40546.

45. Bic lighter–Evidence No. 1185810. Bates 40547.

46. Grey underwear–Evidence No. 1185811. Bates 40547.

47. Wallet from jacket pocket–Evidence No. 1185812. Bates 40547.

48. U.S. Currency–Evidence No. 1185813. Bates 40547.

49. 10mm shell casing–Evidence No. HT2012666. Referenced in the APD Property and Evidence Listing in Bates 17490.

50. 10mm shell casing – Evidence No. HT2012668. Referenced in the APD Property and Evidence Listing in Bates 17490.

51. 10mm shell casing – Evidence No. HT2012669. Referenced in the APD Property and Evidence Listing in Bates 17490.

52. <u>10mm shell casing</u> – Evidence No. HT2012671. Referenced in the APD Property and Evidence Listing in Bates 17490.

53. <u>Bullet fragment</u> – Evidence No. HT2012673. Referenced in the APD Property and Evidence Listing in Bates 17490.

54. <u>Bullet fragment</u> – Evidence No. HT2012674. Referenced in the APD Property and Evidence Listing in Bates 17490.

55. <u>Bullet</u> – Evidence No. HT2012675. Referenced in the APD Property and Evidence Listing in Bates 17490.

56. <u>Bullet</u> – Evidence No. HT2012676. Referenced in the APD Property and Evidence Listing in Bates 17490.

57. <u>Bullet fragment</u> – Evidence No. HT2012677. Referenced in the APD Property and Evidence Listing in Bates 17490.

58. <u>351.9 grams of white, chalk-like powdery substance sent to DEA Western Labs</u> – Bates 16641.

59. <u>361.7 grams of dark tar-like substance sent to DEA Western Labs</u> – Bates 16642.

60. Any report of ballistics or trajectory analysis. See Bates 17985-93 of officer holding trajectory rods in photographs.

Further, the Defense makes the following repeated omnibus request, which was sent to Opposing Counsel on August 2, 2021[2]:

A. All forensic evidence, tests, reports, laboratory notes, or other materials related to the physical examination and any scientific tests or experiments regarding the processing of and evidence taken from the crime scene of the murder of Navaro Andrews, including investigation done on Mr. Andrews

---

[2] To the extent that such request is duplicitous of the specific enumerated requests above, the Defense requests a comprehensive Order delineating all Discovery that is being compelled.

body and personal effects; all cell phones found at the scene; the red Passat vehicle found at the scene; and structures, buildings or the grounds surrounding the scene. Such tests to include but not be limited to fingerprinting, blood spatter, DNA testing, blood testing, hair analysis, footprint analysis, etc.

B. All information and investigation regarding Robert "Grumps" Ysiano and his possible relationship with Kyle Dwiggins, the defendants in this matter, Navaro Andrews, the murder of Navaro Andrews, the scene of the murder, the red Passat found at the scene of the murder and any cell phones involved in the case. This information should include the criminal history of Robert Ysiano. Further, please identify the location of the residence shown at Bates 033523-033526 depicted in photos of Ysiano.

C. Any and all information regarding all expert witnesses the government intends to use at trial, such material should include the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

D. Any and all reports, investigative materials, statements, recorded interviews, interview summaries, police reports of other investigations, and materials related to Kyle Dwiggins and all other government informants, whether you plan to call them as a witness or not, in your case. Any government agency files or other information revealing matters relevant to these confidential informants' credibility, mental or physical health, narcotics dealing, history

of violence, or past drug use. State of Alaska probation files for the confidential informants. Any information or records concerning any actual or implied threats of investigation or prosecution (including deportation, exclusion, etc., by INS) made by the government to the confidential informant or family member or associate of the informant, including information as to the underlying conduct precipitating such investigations.

E. Any information, whether or not memorialized in a memorandum, agent's report or other writing, regarding promises of immunity, leniency, preferential treatment or other inducements made to the confidential informant or any family member, friend or associate of the informant in exchange for the informant's cooperation, including the dismissal or reduction of charges, assisting in matters of sentencing or deportation, promises or expectancies regarding payments for expenses or testimony or eligibility for any award or reward; In addition to information regarding payments, promises of immunity, leniency, preferential treatment or other inducements made to the government witnesses, any records or information regarding payments, promises of immunity, leniency, preferential treatment offered or afforded to any family member, friend or associate of any prospective witness in exchange for said witness cooperation.

F. Any report, document, or information that details the criminal activities of the cooperating witness/confidential informant which were undertaken by

United States v. Matthew Wilson Moi
Case No. 3:19-cr-00112-TMB-MMS-2     Page 9

him without the authority or approval of the government, but for which the government has elected, formally or informally, not to prosecute, including any cases dismissed by the State of Alaska for the Confidential Informant.

G. FBI rap sheet, NCIC printout, NADDIS, EPIC, NLETS, ATS, TECS, and any other records available to the government reflecting the arrest, conviction and investigative history of the cooperating witness/confidential informant.

H. All call detail records and precision location data law enforcement or the government has regarding the following accounts:

   a. 907-360-4082 –Navarro Andrews

   b. 907-521-1600 – Jeffrey Moore

   c. 907-521-1182 – Kyle Dwiggins

   d. 907-317-6242 – Isaiah Roderick

   e. 907-317-6242 – Isaiah Roderick

   f. 907-715-8585 – Ricky Luker

   g. Number unknown—Robert Ysiano

### III. CONCLUSION

The aphorism of 'justice delayed is justice denied' fits squarely here. The Defense has repeatedly requested this information outside the presence of the Court in an attempt to resolve this matter without unnecessary intervention. The Court has independently advised the government of its duties under *Brady* and *Giglio*. The lack of forensic testing, or the reporting of testing done in the last two years, is unfathomable. Mr. Moi therefore

asks this Court to Order the Government to produce all the items requested herein or in the alternative issue an Order to Show Cause as to why no investigation has been performed and why such delay has occurred.

DATED at Anchorage, Alaska this 13th day of September, 2021.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

*/s/ Gary G. Colbath*
Gary G. Colbath
Assistant Federal Defender

Certificate of Service:

I hereby certify that I electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of Alaska by using the district's CM/ECF system on September 13, 2021. All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system.

*/s/ Gary G. Colbath*