# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. Moi*
Case No. 3:19-cr-00112-2-TMB-SAO

By:             THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:     ORDER FROM CHAMBERS

Trial in the above-captioned matter is set to begin on February 22, 2022.[1] The Court recently issued Miscellaneous General Order ("MGO") 22-03, which continues criminal jury trials set on or before February 28, 2022, unless the Court makes an exception "as justice requires."[2] For the reasons set forth below, the Court makes such an exception here and expects trial to proceed on February 22, 2022, as previously reset by the Court.[3]

Pursuant to MGO 22-03, the Court further **FINDS** that this case is exceptional and should proceed to trial at the earliest practicable date. The Court reaches this conclusion after weighing several factors, many of which were discussed by the Ninth Circuit in *United States v. Olsen*.[4] First, the Indictment in this case was filed on October 18, 2019, and the Superseding Indictment was filed on September 18, 2020.[5] This case has been pending for more than 24 months, one of the oldest on the Court's criminal docket. Requiring this case to go to trial as soon as practicable will help the Court address its case backlog caused by the COVID-19 pandemic. Second, the parties have indicated that they are ready to proceed to trial. Third, the defendant has been detained and awaiting trial since 2019. Finally, and most importantly, the Court concludes that it can safely conduct a jury trial in this case by imposing COVID-19 safety protocols. The Court discussed

---

[1] Dkt. 516 (Order Resetting Trial).
[2] *See* D. Alaska Misc. Gen. Order ("MGO") 22-03 at 2.
[3] *See* Dkt. 515 (Minute Entry); Dkt. 516.
[4] 995 F.3d 683 (9th Cir. 2021). In *Olsen*, the Ninth Circuit discussed factors courts may consider when making exclusions under the "ends of justice" provision of the Speedy Trial Act. *Id.* at 692. A non-exhaustive list of non-statutory factors that courts should consider includes:
> (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id.*

[5] Dkt. 12 (Indictment); and Dkt. 189 (Superseding Indictment).

various COVID-19 safety protocols for trial at the Motion Hearing on January 7, 2022, including the use of multiple courtrooms, social distancing where possible, and the use of masks.[6]

For the foregoing reasons, the Court **FINDS** that the case is exceptional and should proceed to trial in the interests of justice. Accordingly, this matter is set to proceed as scheduled with the Final Pretrial Conference on **February 16, 2022, at 10:00 a.m.** and Trial by Jury on **February 22, 2022 at 8:30 a.m.**

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: January 25, 2022.

---

[6] *See* Dkt. 515.