# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. Moi*
Case No. 3:19-cr-00112-2-TMB-SAO

By:            THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:     ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Matthew Wilson Moi's Second Motion to Compel Discovery (the "Motion").[1] The Government opposes the Motion.[2] After review of the Motion, Response, and *in camera* review of materials provided by the Government, the Court finds it requires further information specifically on the materiality of the information requested by Moi. Because trial is set to begin on February 22, 2022,[3] the Court expedites the parties' responses to this Order.

The Government charged Moi and four others with drug conspiracy on October 18, 2019.[4] Nearly one year later, a grand jury returned a Superseding Indictment naming one additional co-defendant and charging the defendants with Continuing Criminal Enterprise (Count 1), Drug Conspiracy (Count 2), Money Laundering Conspiracy (Count 3), Using A Firearm to Commit Murder in Furtherance Of Drug Trafficking Crime (Count 4), and Killing in Furtherance of Continuing Criminal Enterprise (Count 5).[5] Moi is charged with Counts 2 through 5.[6] The case was declared complex in November 2020.[7] Since then, charges against Moi's co-defendants have been resolved, and Moi remains the sole defendant in this case.

On January 22, 2022, Moi identified and requested the Government provide additional discovery, including (1) materials related to a search of a parcel that was purportedly sent from Ebon to K.G. in Buena Park, California, and "yielded $27,130.00 U.S. currency concealed w/in three sealed metal cans"[8] and (2) information related to an unidentified individual in law enforcement reports.[9] Moi learned on January 27, 2022, the Government did not intend to provide documents in response to these requests and the Motion followed.[10]

---

[1] Dkt. 539 (Motion).
[2] Dkt. 541 (Opposition).
[3] Dkt. 516 (Order Resetting Trial); Dkt. 531 (Order Finding Case Exceptional).
[4] Dkt. 12 (Indictment).
[5] Dkt. 189 (First Superseding Indictment).
[6] *Id.*
[7] Dkt. 237 (Minute Entry).
[8] Dkt. 539-2 at 1 (Report of Investigation).
[9] *See generally* Dkt. 539.
[10] *Id.* at 2.

1

Federal Rule of Criminal Procedure ("Rule") 16 provides a defendant is entitled to evidence that is material to the preparation of their defense.[11] "A defendant must make a threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense."[12] Yet "[m]ateriality is a low threshold."[13] Information that is helpful to the defense can include evidence that "simply causes a defendant to 'completely abandon' a planned defense."[14] But "[n]either a general description of the information sought nor conclusory allegations of materiality suffice."[15]

Here, the Court requires further information from the parties regarding the materiality of information requested to the preparation of Moi's defense. Accordingly, the Court directs the parties to file supplemental briefing responding to the questions listed below:

> 1. Whether there is factual support for the conclusion that "the search warrant affidavit clearly relate[s] to the drug conspiracy and money laundering charges Moi currently faces."[16]

> 2. Whether a parcel intercepted on August 31, 2018, is related or expected to yield information that his helpful to Moi's defense to the charges related to the killing of Navarrow Andrews in April 2019, and why.

> 3. Whether the "[F]all of 2018 . . . package containing drug proceeds" referred to in the Government's Trial Brief[17] is the same parcel identified in the Motion.[18] .

Briefs are limited to 5 pages and are due **on or before 4:00 PM AST, February 17, 2022**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: February 17, 2022.

---

[11] Fed. R. Crim. P. 16(a)(1)(E).
[12] *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010) (quoting *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir.1995)).
[13] *United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013) (citing *United States v. Doe*, 705 F.3d 1134, 1151 (9th Cir. 2013)).
[14] *Id.*
[15] *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990).
[16] Dkt. 539 at 3.
[17] Docket 488 at 3 (Government Trial Brief).
[18] Dkt. 539 at 2; *see also* Dkt. 539-2.