IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MATTHEW WILSON MOI,
a/k/a "Matt Matt"

      Defendant.

Case No. 3:19-cr-00112-TMB-SAO-2

ORDER ON DEFENDANT MOI'S
MOTIONS *IN LIMINE*
(DKT. 546)

## I. INTRODUCTION

The matter comes before the Court on Defendant Matthew Wilson Moi's Motions *In Limine* (the "Motion").[1] The Government opposes the Motion.[2] Oral argument was not requested, and the Court finds the matter suitable for disposition without oral argument. For the following reasons, Moi's Motion at Docket 546 is **GRANTED in part and DENIED in part**.

## II. BACKGROUND

The parties initially filed three motions *in limine*, upon which the Court has already ruled.[3] Based on the Court's initial order, Moi now asks that the Court (1) preclude audio recordings of an alleged plot to kill Myrick Elliott in September 2019 under Rule 403 and 404; (2) admit Kyle Dwiggins's prior convictions for theft under Rule 609; (3) admit Jordan Shanholtzer's prior

---

[1] Dkt. 546 (Motion).

[2] Dkt. 548 (Opposition).

[3] Dkt. 460 (Government's Motions *in Limine*); Dkt. 463 (Moi's Motion *in Limine*); Dkt. 494 (Moi's Second Motion *in Limine*); Dkt. 543 (Order re Motions *in Limine*).

convictions for distribution, assault, and misconduct involving controlled substances under Rule 609; and (4) exclude evidence of a plot to kill CS-1 under Rule 403.

### III. LEGAL STANDARD

#### A. *Motions in Limine*

"A motion *in limine* is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence"[4] and may be used to request evidence be either excluded or admitted before trial.[5] Motions *in limine* are appropriate when the "mere mention of evidence during trial would be highly prejudicial."[6] "*[I]n limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial."[7]

A party seeking to exclude evidence through a motion *in limine* must satisfy a "high standard" and show the evidence is inadmissible on all potential grounds.[8] Otherwise, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."[9]

---

[4] *Barnard v. Las Vegas Metro. Police Dep't*, No. 2:03-cv-01524-RCJ-LRL, 2011 WL 221710, at *1 (D. Nev. Jan. 21. 2011); *Research Corp. Techs., Inc. v. Microsoft Corp.*, No. CV-01-658-TUC-RCJ, 2009 WL 2971755, at *1 (D. Ariz. Aug. 19, 2009).

[5] *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Fed. R. Evid. 609).

[6] *Barnard*, 2011 WL 221710, at *1 (quoting *Black's Law Dictionary* 1109 (9th ed. 2009)); *Research Corp.*, 2009 WL 2971755, at *1 (similar).

[7] *Ohler v. United States*, 529 U.S. 753, 758, n.3 (2000).

[8] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF*, 2010 WL 4534406, at *1 (citations omitted); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).

[9] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF*, 2010 WL 4534406, at *1 (citations omitted); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).

### B. *Rules 403 and 404*

As a general rule, Federal Rule of Evidence ("Rule") 404(b)(1) provides that evidence of a person's prior crimes, wrongs, or acts are inadmissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."[10] "The rule is designed to avoid a danger that the jury will punish the defendant for offenses other than those charged."[11] However, because such evidence may be highly relevant, Rule 404(b)(2) provides that evidence of a person's prior crimes, wrongs, or acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[12] To introduce evidence under Rule 404(b), the Government must prove that the proposed evidence satisfies four requirements:

> (1) the evidence tends to prove a material point (materiality); (2) the other act is not too remote in time (recency); (3) the evidence is sufficient to support a finding that defendant committed the other act (sufficiency); and (4) … the act is similar to the offense charged (similarity).[13]

But even under this circumstance, "[t]he use of such evidence must be narrowly circumscribed and limited."[14]

If the Court finds these requirements are met, it must then determine, under Rule 403, whether the "probative value [of the evidence] is substantially outweighed by a danger of one or

---

[10] Fed. R. Evid. 404(b)(1); *see also United States v. Charley*, 1 F.4th 637, 645 (9th Cir. 2021).

[11] *Charley*, 1 F.4th at 647.

[12] Fed. R. Evid. 404(b)(2).

[13] *Charley*, 1 F.4th at 647.

[14] *Id.* (quoting *United States v. Bailleaux*, 685 F.2d 1105, 1109 (9th Cir. 1982)).

more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[15]

### C. Rule 609

Separately, Rule 609 "provides that the credibility of a witness may be attacked during cross-examination by establishing that he has been convicted of a crime."[16] Two factors dictate the standard the Court applies to determine whether to permit the use of a prior conviction for impeachment purposes: (1) the age and nature of the conviction, and (2) whether the witness is the defendant.[17] Where a party seeks to impeach a defendant with a prior conviction punishable by death or imprisonment for more than one year, the conviction must be admitted "if the probative value of the evidence outweighs its prejudicial effect to that defendant."[18] But where the witness is not the defendant, use of the prior conviction for impeachment is subject to Rule 403.[19] The parties may use any crime involving a "dishonest act or false statement" to impeach a witness.[20] The Ninth Circuit provides "five factors that a district court should consider in balancing the probative value of evidence of a defendant's prior convictions against that evidence's prejudicial effect . . .

> (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the

---

[15] Fed. R. Evid. 403; *see also United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005).

[16] *United States v. McClintock*, 748 F.2d 1278, 1288 (9th Cir. 1984).

[17] Fed. R. Evid. 609.

[18] Fed. R. Evid. 609(a)(1).

[19] *Id.*

[20] Fed. R. Evid. 609(a)(2).

past crime and the charged crime; (4) the importance of defendant's testimony; and (5) the centrality of defendant's credibility.[21]

Courts also consider how much time has elapsed before permitting a party to use a prior criminal conviction to impeach a witness.[22] Where "more than ten years have passed since the witness's conviction or release from confinement for it, whichever is later," evidence of a witness's conviction is admissible only if:

> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
>
> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.[23]

Finally, "absent exceptional circumstances, evidence of a prior conviction admitted for impeachment purposes may not include collateral details and circumstances attendant upon the conviction."[24] "Generally, 'only the prior conviction, its general nature, and punishment of felony range [are] fair game for testing the defendant's credibility.'"[25]

## IV. DISCUSSION

### A. *Motion to exclude audio recordings of an alleged plot to kill Myrick Elliot*

Moi previously sought the exclusion of evidence related to an alleged plan to retaliate against Myrick Elliott for stealing drugs.[26] In his initial motion, Moi identified law enforcement

---

[21] *United States v. Hursh*, 217 F.3d 761, 768 (9th Cir. 2000) (citing *United States v. Browne*, 829 F.2d 760, 762–63 (9th Cir. 1987)).

[22] Fed. R. Evid. 609(b).

[23] *Id.*

[24] *United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009) (quoting *United States v. Sine,* 493 F.3d 1021, 1036 n. 14 (9th Cir. 2007)) (internal quotations removed).

[25] *Id.* (quoting *United States v. Albers,* 93 F.3d 1469, 1480 (10th Cir. 1996)).

[26] Dkt. 494.

interviews and grand jury testimony related to an alleged plan to kill Elliott.[27] Moi argued that evidence of a plan to kill Elliott should be excluded in part because "the recorded, contemporaneous conversations" revealed "it is far from definite that [] a plan [to murder Elliott] was ever made."[28] In his earlier motion, Moi also asserted that "neither Shanholtzer, nor the caller alleged to be Moi, threaten[ed] Elliot explicitly or discuss[ed] harming anyone in response to the disappearance of the heroin."[29] Now Moi argues the "recordings are precisely the evidence that Mr. Moi sought to preclude," because the recordings "invite[] the improper and prejudicial findings the Court sought to avoid."[30]

The Government contests Moi's characterization of the recordings and argues that the Court should permit the introduction of the recordings during the trial. The Government argues that the recordings alone do not show that Moi intended to kill Elliott, but instead Moi's "knowledge of and involvement in the narcotics distribution enterprise."[31]

The parties agree that at least some portion of the recordings may be admissible. Moi asserts that "evidence from the recordings *other than the alleged plot against Elliott* may be admissible, subject to proper foundation and a showing of relevance."[32] But neither party has identified specific portions of the recordings that it is asking the Court to preclude, and without additional context, the Court does not find the audio recordings disclosed by the Government alone

---

[27] *Id.* at 5.

[28] *Id.* at 6.

[29] *Id.*

[30] Dkt. 546 at 2.

[31] Dkt. 548 at 4.

[32] Dkt. 546 at 3.

reveal a plot to kill Elliott. For these reasons, the Court **DENIES** Moi's request to exclude the audio recordings of a purported plot to kill Elliott. If Moi wishes to prohibit the Government from introducing specific portions of the audio tapes, he may move again identifying those portions which he believes are unfairly prejudicial.

    B.    *Motion to admit Kyle Dwiggins's prior convictions under Fed. R. Evid. 609*

In the Order on the Government's first motions *in limine*, the Court granted the Government's request to preclude Moi from introducing Dwiggins's prior theft convictions, which fell outside of the 10-year window in Rule 609.[33] The Court reasoned that Moi had not shown "that the probative value" of either theft conviction "substantially outweighs its prejudicial effect," as is required by Rule 609(b).[34] Moi argues he has now made that showing and asks to use both convictions for impeachment purposes.[35]

Moi begins by arguing the theft convictions are probative of "Dwiggins's credibility, despite their age."[36] Moi asserts that although theft crimes do not "technically involve[e] a dishonest act or false statement," they reflect "the sort of conduct that would cause a person to question the credibility" of a witness.[37] Moi argues Dwiggins's credibility is central to the Government's case because "Dwiggins will be one of [the Government's] principal cooperating witnesses"[38] and, in light of the serious charges Moi faces, "[t]he jury should have complete

---

[33] Dkt. 543 at 17.

[34] *Id.* at 16–17.

[35] Dkt. 546 at 4.

[36] *Id.* at 5.

[37] *Id.*

[38] *Id.*

information about those witnesses in assessing their credibility."[39] Moi adds that the older convictions will undercut any argument that "Dwiggins has been reformed."[40] Next, Moi asserts the theft convictions are not prejudicial. Moi argues the Government "can't establish any prejudice . . . when Dwiggins will already be impeached based on similar conduct and will admit to much worse on the stand."[41] Finally, Moi notes that "[a]ny danger of unfair prejudice could easily be cured by the Court's use of the standard, pattern impeachment instruction."[42]

The Government makes two arguments in opposition. First, the Government argues the theft convictions are not probative of Dwiggins's credibility because, under Ninth Circuit caselaw, theft is not probative of dishonesty.[43] Second, the Government argues Moi does not need to introduce these theft convictions to establish Dwiggins has a criminal history. The Court has held, and the parties agree, that Dwiggins's more recent Scheme to Defraud conviction is admissible for impeachment purposes.[44] Thus, according to the Government, the jury will not be "under the mistaken impression that [Dwiggins] has led an entirely law-abiding life."[45]

The Court agrees with Moi that the probative value of Dwiggins's theft convictions substantial outweighs their prejudicial effect because the risk of prejudice to the Government's case is uniquely low, Dwiggins's credibility is central to this case, Dwiggins's criminal history

---

[39] *Id.*

[40] *Id.*

[41] *Id.*

[42] *Id.* at 6.

[43] Dkt. 548 at 7 (citing *United States v. Ortega*, 561 F.2d 803, 806 (9th Cir. 1977)).

[44] Dkt. 543 at 17.

[45] Dkt. 548 at 7.

speaks at least to some extent to his truthfulness, and Moi has a constitutional right to put on his best defense. Although the Government is correct that theft crimes do not per se involve dishonesty or false statement within the meaning of Rule 609(a)(2), the Ninth Circuit has held that prior convictions for robbery can be "probative of veracity."[46] In addition, as the Government apparently concedes, the prejudicial effect of these theft convictions is particularly low here. Even without hearing evidence of these convictions, the jury will hear that Dwiggins has been involved in criminal activity and has a criminal history. Thus, even the marginal probative value of the theft convictions substantially outweighs the risk of prejudice to the Government. The Court concludes Moi must have the opportunity to present his best defense against a key Government witness under these circumstances and thus **GRANTS** Moi's request to introduce evidence of Kyle Dwiggins's prior theft convictions.

### C. *Motion to admit Jordan Shanholtzer's prior convictions for assault, distribution of a controlled substance, and misconduct involving a controlled substance*

Moi also seeks to introduce three of Shanholtzer's prior criminal convictions for impeachment purposes. Those convictions are (1) 3AN-05-10414, Misconduct Involving Controlled Substances in the Fourth Degree, State of Alaska, conviction date of January 5, 2007; (2) 3:07-cr-00090-JWS, Drug Distribution, United States District Court, District of Alaska, conviction date of December 18, 2008; and (3) 3AN-07-461, Assault in the Third Degree, State of Alaska, conviction date of April 10, 2009.[47] Although the Government initially opposed their

---

[46] *United States v. Alexander*, 48 F.3d 1477, 1488 (9th Cir. 1995) ("quoting *United States v. Givens*, 767 F.2d 574, 580 (9th Cir. 1985)).

[47] Dkt. 546 at 6. Moi "does not contest the Court's ruling" at Docket 543 that Shanholtzer's remaining two convictions, 3AN-07-5025 and 3AN-16-2065, are inadmissible. *Id.* at n.2.

admission,[48] it now agrees with Moi that the second and third convictions, which are both less than 10 years old within the meaning of Rule 609, are admissible under the Rule.[49] Accordingly, the Court **GRANTS** Moi's request to introduce evidence of those convictions for impeachment purposes and need only examine whether Shanholtzer's 2007 conviction for Misconduct Involving Controlled Substances is admissible.

Shanholtzer's Misconduct Involving Controlled Substances conviction is over 10 years old and, thus, evaluated under Rule 609(b).[50] As discussed above, Rule 609(b)(1) provides that "[e]vidence of the conviction is admissible only if . . . its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect."[51]

Moi argues the probative value of Shanholtzer's Misconduct Involving Controlled Substances substantially outweighs its prejudicial effect for two reasons. First, the conviction will not prejudice the Government's case because Shanholtzer will admit to dealing drugs in the Government's case-in-chief.[52] Second, the evidence is probative because, along with Shanholtzer's other felony convictions, it "may play a significant role in the jury's evaluation of Shanholtzer's credibility," which is "paramount" to the Government's case.[53] Moi notes "the Court

---

[48] Dkt. 460 at 3 (Government's Motions *in Limine*).

[49] Dkt. 548 at 8 ("Because less than 10 years have elapsed from his "release from confinement" for these felony offenses, Fed. R. Evid. 609(b), the court is required to admit them. Fed. R. Evid. 609(a)(1)(A).").

[50] Dkt. 546 at 6 ("This Court excluded Shanholtzer's misconduct involving a controlled substance conviction under Rule 609(b), concluding he was released from confinement more than 10 years ago. Mr. Moi does not disagree, but that does not conclude the inquiry.").

[51] Fed. R. Evid. 609(b)(1).

[52] Dkt. 546 at 6–8.

[53] *Id.* at 8

can easily use the pattern instruction on impeachment to craft a limiting instruction to avoid *unfair* prejudice."[54] In opposition, the Government argues only that Moi concedes the conviction is over 10 years old and "offers no analysis of any exceptional circumstances that would nevertheless justify its admission."[55]

The Court **GRANTS** Moi's request to introduce evidence of Shanholtzer's Misconduct Involving a Controlled Substance conviction for impeachment purposes. Moi presents an argument that the probative value of this conviction substantially outweighs the prejudicial effect. The Government has not refuted that argument, instead stating that Moi offered "no analysis." The Court disagrees with the Government and, accordingly, will allow Moi to introduce evidence of Shanholtzer's Misconduct Involving a Controlled Substance conviction along with evidence of the Drug Distribution and Assault convictions, which the Government agrees are admissible.

### D. *Motion to preclude evidence of payments to CS-1 and an alleged plot to kill CS-1*

Moi previously moved the Court to exclude an alleged plot to kill CS-1.[56] The Court denied Moi's motion as premature given the "conditional nature of the proposed evidence" and the low risk of mistake.[57] Moi now moves to exclude evidence of payments to CS-1 to ensure neither party "opens the door" to admission of the plot against CS-1. Moi represents that he "will not cross-examine any government witness about the payments or admit such evidence in his defense case."[58] The Government maintains that provided Moi does not mention the payments made to

---

[54] *Id.*

[55] Dkt. 548 at 8.

[56] *See generally* Dkt. 494.

[57] Dkt. 543.

[58] Dkt. 546 at 9.

CS-1, it has no need to offer any further explanation. Accordingly, the Court **GRANTS** Moi's motion to preclude evidence of payments to CS-1 and the alleged plot to kill him.

V.     CONCLUSION

For the foregoing reasons, Defendant Moi's Motions *in Limine* at Docket 546 is **GRANTED in part and DENIED in part as follows:**

- The Court **DENIES** Moi's request to preclude audio recordings of an alleged plot to kill Myrick Elliott in September 2019 under Rule 403 and 404;

- The Court **GRANTS** Moi's request to introduce Kyle Dwiggins's prior convictions for theft under Rule 609;

- The Court **GRANTS** Moi's request to introduce Jordan Shanholtzer's prior convictions for distribution, assault, and misconduct involving controlled substances under Rule 609; and

- The Court **GRANTS** Moi's request to exclude evidence of a plot to kill CS-1 under Rule 403.

Moi's inquiry into the prior convictions admitted in the Order is limited to introducing the fact of each prior conviction, its general nature, and its classification as a felony.[59]

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 18th day of February, 2022.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[59] *See United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009).