S. LANE TUCKER
United States Attorney

JAMES KLUGMAN
JENNIFER IVERS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: james.klugman@usdoj.gov
Email: jennifer.ivers@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> vs.<br><br>MATTHEW WILSON MOI,<br><br>    Defendant. | No. 3:19-cr-00112-JMK-SAO |

**RESPONSE IN PARTIAL OPPOSITION TO
"MOTION TO SET DISCOVERY & DISCLOSURE DEADLINES"**

The United States agrees with defendant Matthew Moi's request to set a series of

deadlines for this case, with the objections, exceptions, and modifications described below.

Because of the modest separation between the parties' positions, a detailed refutation of

the defendant's mischaracterization of the prior conduct of the litigation in this matter does

not appear to be a necessary or productive exercise.

## 1. General Discovery Reports – Opposed

The government opposes the defendant's request to require production of "all discovery within its knowledge, possession, control, or that which is reasonably accessible to it by May 1, 2023." As described in the concurrently-filed ex parte submission, there is a category of evidence for which May 1 is not an appropriate deadline. With respect to the remaining discovery, the government has been and will continue to provide material as it is created or acquired and processed and will continue to do so. The government will also likely continue to investigate and develop evidence after May 1, generating additional discovery that will also be produced as it is created. Setting this deadline thus does not seem well-calculated to enhance the defendant's access to discovery.

If the Court is inclined to set a deadline, the government would request a similar deadline for the production of reciprocal discovery.

## 2. Physical Evidence – Non-Opposed, Modification Suggested

The government is prepared to provide the list requested by June 1. To make this disclosure more effective, the government will provide a preliminary list on or before May 19, and would suggest that the parties meet and confer the following weeks (i.e. May 22), to ensure that the disclosure adequately conveys the information sought.

## 3. Experts and Reports – Partially Opposed

The government will provide a preliminary expert list by May 15. (Of course, most of the expert witnesses already testified at the defendant's first trial.) For each identified witness, the government will also provide the witness's qualifications and the list of prior cases contemplated by Fed. R. Crim. P. 16(a)(1)(G)(iii). The government will further

*U.S. v. Moi*
3:19-cr-00112-JMK-SAO

provide all extent reports and tests by that date and, to the extent not adequately conveyed in these reports, the remaining disclosure required by Fed. R. Crim. P. 16(a)(1)(G)(iii).

However, as the defendant's request concerning physical evidence appears to recognize, testing may not be complete by June 1. And of course, it is impossible for the government to disclose a witness's opinions before the witness has reached them. Instead, the government would suggest that the parties be directed to meet and confer on May 15 as part of the government's disclosure, and to either provide the Court with a stipulated deadline at that time, or else notify that Court that they cannot reach agreement and that a hearing is necessary to resolve the issue.

## 4. Jencks Act & Giglio Materials – Partial Opposition

The government does not oppose setting a deadline of July 1 for the production of *Giglio* materials: the government is not seeking to withhold any of these materials and will generally produce them in advance of this deadline as it learns of them. The government further understands the continuing nature of its obligations and will continue to attempt to identify and produce additional items as necessary after this deadline.

Under the Jencks Act, witness statements are not discoverable "until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500. An order purporting to set an earlier deadline for such statements (including statements that contain exculpatory material) is unenforceable. *United States v. Alvarez*, 358 F.3d 1194, 1211 (9th Cir. 2004); *United States v. Jones*, 612 F.2d 453, 455 (9th Cir. 1979). Because the requested order requiring pretrial disclosure of Jencks material would be unlawful, it should be

denied. In accordance with standard practice in this district, the government of course intends to produce most, if not all, of its witnesses' statements in advance of trial (and of course, most were already produced prior to the defendant's first trial).

RESPECTFULLY SUBMITTED March 27, 2023 at Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

/s James Klugman
JAMES KLUGMAN
Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2023 a true and correct copy of the foregoing was served electronically on all counsel of record.

/s James Klugman