S. LANE TUCKER
United States Attorney

JAMES KLUGMAN
JENNIFER IVERS
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: james.klugman@usdoj.gov
      jennifer.ivers@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| vs. | No. 3:19-cr-00112-JMK-SAO |
| MATTHEW WILSON MOI, | |
| Defendant. | |

### SENTENCING MEMORANDUM

The United States recommends imposition of the following sentence:

**INCARCERATION** ................................................................................................**180 MONTHS**
**SUPERVISED RELEASE** ..............................................................................................**5 YEARS**
**SPECIAL ASSESSMENT** ................................................................................................ **$100**

## GUIDELINES CALCULATION

Based on defendant Matthew Moi's role in the drug enterprise – "Moi took over operations in Alaska when Shanholtzer moved out of state" (PSR ¶ 14); "Moi recruited

additional associates, including Roderick" (PSR ¶ 22); "Shanholtzer began to have Moi arrange the transactions with Individual 1" (PSR ¶ 24); "Moi assisted Shanholtzer with the operational management of the enterprise in Anchorage. To evade detection, Moi arranged for packages to be sent to addresses in Alaska other than his residence, but over which the enterprise could maintain effective control." (PSR ¶ 26) – the two-level role enhancement was properly applied. *See United States v. Vinge*, 85 F.4th 1285, 1290 (9th Cir. 2023) (3B1.1 enhancement requires only "the necessary influence and ability to coordinate the behavior of others so as to achieve the desired criminal result" (quoting *United States v. Doe*, 778 F.3d 814, 824 (9th Cir. 2015)).

The United States has not and does not intend to move for an additional one-point reduction for acceptance of responsibility.[1] Doc. 761 at 6.

**STATUTORY CRITERIA AND RECOMMENDED SENTENCE**

In light of Moi's criminal history, role in the interstate drug conspiracy, and role in the murder of Navarrow Andrews, the United States believes that a custodial sentence of 180 months is no greater than necessary to satisfy the § 3553(a) factors.

//

---

[1] *See* U.S.S.G. 3E1.1, application note 6 ("[T]o qualify under subsection (b), the defendant must have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently. Because the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial, an adjustment under subsection (b) may only be granted upon a formal motion by the Government at the time of sentencing.")

U.S. v. Moi
3:19-cr-00112-JMK-SAO

RESPECTFULLY SUBMITTED April 1, 2024 at Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

/s James Klugman
JAMES KLUGMAN
Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2024
a true and correct copy of the foregoing
was served electronically on all counsel
of record.

/s James Klugman
Office of the U.S. Attorney

U.S. v. Moi
3:19-cr-00112-JMK-SAO